UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-76 |
| | : | |
| v. | : | |
| | : | |
| MARIA R. HARTLINE | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
SENTENCING LETTER AND SUPPORTING MATERIALS

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully responds to defendant's August 7, 2006,[1] letter and

attachments.  Reading the letters from Ms. Hartline's friends and family, one might get the

mistaken impression that it was the Air Force's fault Ms. Hartline fraudulently claimed to be

working authorized overtime; that it was the Air Force's fault Ms. Hartline falsified travel orders

so she could attend NASCAR races on the government's dime; and that it was the Air Force's

fault Ms. Hartline used her government travel card to pay personal bills and purchase clothing

and airline tickets for personal travel.

As shown below, the government respectfully submits that the Court should focus on

what the defendant did and admitted, not what her surrogates claim by way of blame-shifting; for

she has already accepted responsibility (for which she seeks a three-level adjustment) and may

not avoid punishment by using others to make arguments she has already admitted were legally

and factually irrelevant.

---

[1]       See Letter from Cary M. Feldman, Esquire and Leonard E. Lucas, III, Esquire, to
the Honorable Ellen S. Huvelle (Aug. 7, 2006) (hereinafter "Def. Sentencing Letter").  The
government received the Sentencing Letter on the afternoon of August 8, 2006; the letter and its
attachments have not been filed through the Court's ECF system.

## I.    Defendant Knew What She Was Doing Was Wrong

Defendant knew she was stealing from the government in paycheck after paycheck after paycheck, using an array of different methods of fraud. Putting aside her admission under oath to the facts in the Statement of Offense, which renders the excuse letters submitted on her behalf irrelevant if not offensive, she admits in one of her written confessions: "Overtime – I did not work approximately 70-75% of the overtime hours I claimed on my timecards. I claimed those hours due to financial hardship and needing to pay bills." See Statement of Maria R. Hartline (Nov. 29, 2005), at 1 (Attachment as Exhibit 1). As to two fraudulent government-paid trips to Dover, Delaware, in June 2004 and September 2004, Ms. Hartline admits:

> "The Jun 04 and Sep 04 Dover TDY's were not in the best interest of the government. * * * [M]y main purpose was to attend the NASCAR race. * * * I did file a travel voucher for these trips even though my main purpose was to attend the NASCAR race. I used the money to pay bills."

Id. at 2. In that statement she adds: "In 01-04 the TDY [Temporary Duty Assignment] to Orlando, FL was also not in the best interest of the government." Id. As for her fraudulent use of her government travel card, Ms. Hartline states in an earlier written confession: "GTC: On numerous occasions I used my GTC for personal purposes. I used it to buy gas in my car, cash advances to pay personal bills, such as utilities and Dr. expenses (co-pays) and on one occasion used it to buy airline tickets not related to government travel." Statement of Maria R. Hartline (Oct. 7, 2005), at 1 (Attached as Exhibit 2).

Moreover, Ms. Hartline's knowledge of her wrongdoing can be inferred from the letters submitted in her support. For example, one letter indicates that Ms. Hartline took action against colleagues who misused their government credit card:

"Maria was always very protective of the Chaplain Service. When a Deputy Chief of Chaplains repeatedly misused a Government Purchase Card instead of his Government Travel Card, Maria approached him in private, retrained him on proper use of each card, and ensured he made full payment to the Government Purchase Card account to avoid the perception that he was floating his appropriated temporary duty travel expenses with a non-appropriated Government Purchase Card. She even advised him to take only the Government Travel Card with him on trips to avoid future confusion and possible misuse."

Letter from Col. Karen H. Stocks to the Honorable Ellen S. Huvelle (June 26, 2006), at 2.

Another of her supporters notes: "I remember on numerous occasions how she would mention things in staff meetings to ensure that we all lived up to the standards that were required and expected." Letter from Charles E. Thurman to the Honorable Ellen E. Huvelle (June 27, 2006), at 2.

## II.    Defendant Was Not Entitled to Defraud The Government

A common theme in defendants' supporters' letters is that Ms. Hartline worked an extraordinary amount of unpaid overtime; and that it is somehow unfair that she be prosecuted for using fraudulent means to obtain money to which she believed she was entitled. The government firmly rejects the factual premise of that assertion.[2]

---

[2]    If this case were to have gone to trial, Ms. Harline would have been precluded from arguing that she should not be convicted because money she sought to obtain through fraud was legitimately owed to her. See, e.g., United States v. Gole, 158 F.3d 166, 168-69 (2d Cir. 1998) (affirming conviction for mail fraud in rejecting claim trial court erred by preventing defense from raising claim-of-right defense), cert. denied, 526 U.S. 1078 (1999); United States v. Martin, 798 F.2d 308, 310 (8th Cir. 1986) (affirming fraud conviction where trial court denied defense motion to present defense that fraudulent transaction sought to obtain legitimately owed funds); United States v. Vitello, No. CR.03-555, 2004 WL 2496877, at *5-*8 (E.D. Pa. Nov. 2, 2004) (granting government motion in limine to preclude defense from presenting claim-of-right defense in fraud trial); United States v. Casey, 951 F.2d 892, 894 (8th Cir.1991) (affirming mail fraud and tax evasion convictions and rejecting defendant's claim that he was not guilty of fraud because he had $200,000 in unreimbursed expenses from the victim, and rejecting defendant's claim that he was not guilty of tax evasion because the government allegedly owed him $15,000), cert. denied, 504 U.S. 944 (1992).

Here, Ms. Hartline admits that she was <u>not</u> in fact <u>authorized</u> to receive overtime pay (except in <u>de minimis</u> amounts that have no bearing on the sentencing calculation). See, <u>e.g.</u>, Def. Sentencing Letter at 7. Thus, contrary to her sentencing letter, which states that "it is impossible to calculate with precision the amount of loss to the Air Force as a result of Ms. Hartline's criminal conduct," see Def. Sentencing Letter at 8-9, the amount of money she embezzled from the government <u>is</u> easy to calculate:  simply add up all the money she received for overtime when she was not authorized.  It makes no difference that one of her superior officers later says she "would have" authorized overtime for Ms. Hartline if Ms. Harline had bothered to ask.  The point is that Ms. Hartline <u>didn't</u> ask; she just took.  Nevertheless, the government agreed for the purposes of reaching an early resolution of this case to a loss amount that reflects hypothetically approved overtime amounts.  Hence for that and other reasons the loss figure of over $127,000 is fair but conservative.

## CONCLUSION

The defendant should be sentenced at the low end of her guideline range, to twelve months incarceration, and should be ordered to pay full restitution for the money she embezzled from the government.  A sentence of probation and community service, on the grounds that she has many friends and supporters and is otherwise a good person, would not reflect the seriousness, pervasiveness, and diversity of her criminal conduct.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar No. 451058
UNITED STATES ATTORNEY

By: _____

Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorney
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of August, 2006, I caused to be served by electronic filing and by facsimile a copy of the foregoing memorandum to:

Cary M. Feldman, Esquire
Leonard E. Lucas, III, Esquire
Feldesman Tucker Leifer Fidell LLP
2001 L Street, NW, Second Floor
Washington, D.C. 20036-4910
Facsimile Number:  (202) 293-8103

_____

Timothy G. Lynch
Assistant United States Attorney

-5-